## No. 10,301.

### THE STATE OF LOUISIANA VS. V. & A. MEYER & CO.

1. This court has frequently held that Article 210 of the Constitution had effect to abolish the method of collecting taxes by suit which formerly prevailed, and to substitute therefor the method of summary expropriation without suit.

2. But the proceeding authorized by Section 54 of Act 85 of 1888 is not a suit for taxes nor a suit employed as a means of collecting taxes. It merely authorizes the invocation of judicial aid to compel the delinquent tax debtor, who possesses and conceals and withholds the property assessed in such manner that the tax collector cannot reach it, and who refuses to produce or deliver it, to make such delivery, in order that the collector may enforce the payment of taxes by seizure and sale thereof, in the manner required by the Constitution.

3. If it be true that the State has no mode of collecting her taxes except by summary expropriation of property, without suit, it is equally true that she has an absolute right to

collect in that mode; and for the proper vindication of this right, the courts are open to her as well as to all her citizens.

4. Hence, when the tax collector is thwarted in his efforts to seize and sell the property by the illegal acts of the tax debtor, in concealing and withholding the property so that it cannot be reached, the legislative department violates no constitutional provision when it provides a judicial remedy by which the debtor may be compelled to produce and deliver the property in order that the collector may perform his constitutional right and duty.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies*, J.

*Wynne Rogers*, Attorney for Tax Collector, and *Walter H. Rogers*, Attorney General, for Plaintiff and Appellant.

*Farrar, Jonas & Kruttschnitt*, for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. The defendant firm is assessed on the assessment rolls of the Parish of Orleans for the years 1885, 1886, 1887 and 1888 on "Money loaned on interest, all credits and all bills receivable for money loaned or advanced," in the sum of $125,000, for the first, and $250,000 for each of the other years, on which the taxes due the State are $750 for the first and $1500 for each of the subsequent years.

It is not pretended that the defendants ever took proceedings, in the mode or within the time explicitly provided by the statutes, to correct or urge objections to the assessments, and it is now too late for them to do so, under repeated decisions of this Court. The same objections here presented were urged quite recently to an assessment identical in terms, and we then held that the assessment was unassailable in any other mode or within any other time than those prescribed by the statute. Shattuck & Hoffman vs. N. O., 39 Ann. 206; Gay vs. Assessors, 34 Ann. 370; Adler vs. Assessors, 37 Ann. 507; City vs. Canal Bank, 32 Ann. 157.

We shall, therefore, make no further reference to the method and validity of the assessment, because they are no longer contestable.

The Act No. 85 of 1888, amongst numerous provisions regulating the methods of proceeding in the collection of taxes, contains the following in Section 54: "In all cases where the collector cannot make a seizure of the personal property liable for the tax assessed against it, either because of the nature of the property assessed, or because the owner or his representative holds it in his possession or under his control in such

a manner that the tax collector cannot lay hands upon it, and refuses, on demand, to deliver the same to the tax collector, the said tax collector shall have the power, and it is hereby made his duty, to take, in the District Court, a summary rule upon the person assessed or his representative, as the case may be, returnable in five days, in vacation as well as in term time, to compel the delivery to him of said property, or of so much thereof, if the same be divisible in kind, as may be necessary to realize at public sale the amount of the taxes, costs and penalties."

Under this provision, the tax collector took his rule in the present case, alleging that the taxes are due, that a seizure could not be made of the property assessed, because of its nature and because the defendants hold it in their possession in such a manner that the tax collector cannot lay hands upon it, and have refused to deliver up the same or so much thereof as will satisfy the taxes, although demand has been made upon them so to do, and concluding with a prayer for the relief stated in the section of the statute above quoted.

The defendants were duly notified and appeared, but made no written pleading. After hearing, judgment was rendered discharging the rule, from which the present appeal is taken.

Various technical objections were urged orally in the court below by the defendants, but they waive all of these in this court, except one, viz: that the plaintiff having failed to prove affirmatively that the defendants have in their possession any of the property assessed, this should, in every event, entail a non-suit.

This point has no merit. The presumption is that the possession which existed at the date of the assessment continues, especially when the record presents no denial of possession by defendants. Moreover, proof that they have none of the property in possession will be a bar to the execution of any judgment in favor of plaintiff, which can only decree delivery of the property.

Leaving out of view the objections to the assessment which have been already considered, the only remaining defense is the unconstitutionality of the section of the statute above quoted. The charge of unconstitutionality is based on Article 210 of the Constitution, which declares: "There shall be no forfeiture of property for the non-payment of taxes, but at the expiration of the year in which they are due the collector shall, *without suit*, and after giving notice to the delinquent in the manner to be provided by law (which shall not be by publication except in case of unknown owner), advertise for sale the property on which the taxes are due in the manner provided for judicial sales, etc."

The following cases are referred to in which we have held that the

method of collecting taxes by suit which prevailed prior to Constitution had been abolished and prohibited by the foregoing provision and that the method of summary expropriation, without suit, to enforce payment, had been substituted therefor. City vs. Wood, 34 Ann. 732; Mayor vs. Hyman, 35 Ann. 301; Mayor vs. Williams, 35 Ann. 329; McGuire vs. Vogt, 36 Ann. 312; Reed vs. Creditors, 39 Ann. 120; Succession of Stewart, 41 Ann. —.

Reference to those cases will show that the *dicta* therein contained apply exclusively to suits for taxes. But it is obvious that the proceeding here involved is not a suit for taxes, nor is it a suit employed as the means of enforcing payment of taxes.

On the contrary, the collector is endeavoring to employ the method of summary expropriation without suit, prescribed by the Constitution.

It is the clear duty of the tax debtor either to pay his taxes or to point out or deliver the property assessed, in order that the collector may advertise and sell it in the constitutional mode. He refuses to do either. This statute simply authorizes the collector to invoke judicial assistance to compel the delinquent to deliver the property assessed in order that the taxes thereon may be enforced in the summary method prescribed by the Constitution and law of the State. It would, indeed, be an anomalous state of affairs if a delinquent tax payer might say to the collector, you cannot sue me because the Constitution requires you, without suit, to seize and sell the property assessed; and you shall not seize and sell the property assessed because I have it in my possession, so concealed that you cannot find it, and I refuse to produce or deliver it.

If it were true that the State has no mode of collecting her taxes except by seizure and sale of the property assessed, it is no less true that she has an absolute right to enforce their payment in that mode. If the exercise of this right is illegally thwarted and obstructed by a delinquent tax debtor, she is clearly entitled to some remedy for such a wrong, and it would be passing strange if her own courts, which she so jealously holds open to every citizen for the vindication of all legal rights, should be hermetically sealed against herself alone.

The legislative department has determined that such is not, and could not be, the meaning of the Constitution. While adhering to the constitutional method of collecting taxes, without suit, and by direct expropriation of property, it has provided this as an appropriate remedy to enable the collector to reach the property in order that he may exercise the right, and perform the duty, conferred and imposed by the Constitution and laws of the State.

A reference to the constitutional provision quoted will show that the

proceeding violates none of its mandates or prohibitions. No forfeiture of property is claimed. The collector is not seeking to collect taxes by suit, but proposes to enforce their payment, as directed in the Constitution, by seizing and selling the property assessed. He simply invokes judicial aid to compel the delinquent tax payer, who possesses and conceals the property, to produce it, in order that he may perform his constitutional duty of enforcing the seizure and sale thereof for the payment of the taxes due.

We are clearly of the opinion that while the constitutional method of collecting taxes is not by suit, but by summary seizure and sale of the property without suit, this does not debar judicial aid in reaching and uncovering the property, in order that it may be so seized and sold.

The proceeding authorized by this section of the statute is for this purpose and no other, and violates no mandate of the Constitution.

It is, therefore, ordered and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered and adjudged that the rule herein taken be made absolute and that the defendants be accordingly ordered to deliver to the tax collector the property assessed or so much thereof as may be necessary to realize at public sale the amount of the taxes, costs and penalties—defendants to pay costs in both courts.